# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FIDELITY & GUARANTY LIFE<br>INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:20-cv-00706-PX |
| | * | |
| OUSMANE CAMARA, et al., | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

Pending in this interpleader action is Plaintiff Fidelity & Guaranty Life Insurance Company ("Fidelity")'s motion for discharge in interpleader. ECF No. 11. Fidelity also requests attorneys' fees and costs. ECF No. 11. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, Fidelity's motion is GRANTED in part and DENIED in part.

In June 2005, Arabia Camara purchased a life insurance policy from Fidelity. ECF No. 11-3. She named her children—Ousmane, Assetou, and Nakany—as equal primary beneficiaries of the policy. ECF No. 11-3 at 2. Arabia died on January 29, 2019. The proceeds from the Fidelity policy, at that time, totaled $483,520.00. ECF No. 1 at 1; ECF No. 11-1 at 2. Thereafter, Ousmane pleaded "guilty but not criminally responsible" for the murder of Arabia.[1] ECF No. 11-4 at 12. Ousmane is now being held at the Clifton T. Perkins Hospital Center, a "maximum-security forensic psychiatric hospital" in Jessup, Maryland. *See* ECF No. 11-4 at 12–13; *see also* Clifton T. Perkins Hospital Home Page, https://health.maryland.gov/perkins/

---

[1] The term "guilty but not criminally responsible" is Maryland's adaptation of the insanity defense. *See, e.g.*, *State v. Garnett*, 384 Md. 466, 470 n.3 (2004).

Pages/home.aspx (last visited Sept. 7, 2021).

Fidelity filed this interpleader action because uncertainty surrounds whether Ousmane may receive his portion of life-insurance proceeds. This is because Maryland's so-called "slayer statute" prohibits an individual from financially benefiting from the death of a decedent whom he feloniously and intentionally killed, but the statute is silent on whether the prohibition extends to an individual found not criminally responsible. *See* Md. Code Ann., Est. & Trusts § 11-112.

Defendants Assetou and Nakany waived service, as did Lynn C. Boynton, the administrator of Arabia's estate. ECF Nos. 7, 8, 9. Because Ousmane is being held for psychiatric treatment, Fidelity instead served a designated social worker who, by law, could accept service of process in Osumane's place. ECF No. 10. None of the defendants have responded or entered an appearance in this matter, and the time for doing so has long passed.[2] *See* ECF No. 11.

An interpleader action normally proceeds in two stages. First, the Court determines whether the interpleader action is proper and, if so, next must determine who among the interpleader parties receives the interpleaded funds. *Mfrs. & Traders Trust Co. v. Del Conca USA, Inc.*, No. GJH-16-3346, 2017 WL 3175567, at *2–3 (D. Md. July 25, 2017). Fidelity's discharge motion concerns only the first phase—whether interpleader is proper. *See id.* at 2 (citing *Wells Fargo Bank, N.A. v. Eastham*, No. DKC 16-0386, 2016 WL 2625281, at *3 (D. Md. May 9, 2016).

---

[2] Fidelity's motion explains that Boynton "does not oppose Fidelity's motion for discharge, including the request for attorneys' fees and costs." ECF No. 11 at 1. Meanwhile, Defendants Assetou and Nakany informed Fidelity that they were in the process of retaining counsel; however, no counsel has entered an appearance thus far. *See* ECF No. 11 at 1.

Interpleader is proper where the plaintiff-stakeholder "legitimately fears multiple litigation over a single fund." *Mfrs. & Traders Trust Co.*, 2017 WL 3175567, at *2 (quoting *Wells Fargo Bank, N.A.*, at *3). If the plaintiff-stakeholder demonstrates as much, the Court next ascertains whether it maintains jurisdiction over the suit. If yes, then the Court must also determine whether the action involves a single fund with claimants whose interests are adverse to one another and, thus, raises the possibility that the plaintiff-stakeholder may face inconsistent judgments as to the same fund. Last, the Court considers whether any equitable concerns counsel against the use of interpleader to resolve the action. *Id.* at *2.

If the Court is satisfied that an interpleader action may proceed, the Court may grant a plaintiff-stakeholder's motion for discharge and allow them to deposit the interpleaded funds with the Court Registry. *Id.* (quoting *Eastham*, at *2). The Court retains discretion to award the plaintiff-stakeholder its attorneys' fees from the interpleaded fund so "to encourage interpleader actions and thus avoid the cost of multiple lawsuits." *Bank of Am., N.A. v. Jericho Baptist Church Ministries, Inc.*, No. PX 15-02953, 2017 WL 319521, at *1 (D. Md. Jan. 23, 2017).

The Court agrees with Fidelity that this action is properly brought as an interpleader. First, the Court is satisfied that its jurisdiction sounds in diversity. *See* 28 U.S.C. § 1332. The parties are citizens of different states and the amount-in-controversy is more than $75,000. ECF No. 11-1 at 1–2. Second, Fidelity rightfully is concerned about how it must disperse Ousmane's portion of the policy proceeds given the slayer statute's ambiguity, and Fidelity should not be subject to "actual institution of independent suits," to resolve this question. *California v. Texas*, 457 U.S. 164, 166 n.1 (1982) (quoting *Texas v. Florida*, 306 U.S. 398, 406 (1939)). Third, because more than one beneficiary may lay claim to the funds, and the application of the slayer statute is uncertain, Fidelity faces the non-speculative risk of receiving inconsistent judgments

3

absent relief through interpleader.  *See AmGuard Ins. Co. v. SG Patel and Sons II LLC*, 999 F.3d 238, 244 (4th Cir. 2021).  Finally, the Court ascertains no equitable concerns preventing the use of interpleader.  Fidelity is a disinterested stakeholder that claims no right to the stake itself.  ECF No. 11-1 at 6.  Thus, the motion for discharge is granted and the interpleader funds representing Ousmane's putative share of the proceeds ($161,173.33, plus interest) shall be deposited into the Court Registry.

Fidelity also requests $19,878 in fees and costs, which, Fidelity says, represents 75% of the time spent by its attorneys in connection with this litigation.  ECF No. 11-1 at 6.  When an interpleader plaintiff is an impartial stakeholder, it is proper to award "payment of costs and a reasonable counsel fee out of the [stake]."  *Aetna Life Ins. Co. v. Outlaw*, 411 F. Supp. 824, 825–26 (D. Md. 1976).  Fidelity has not submitted any evidence supporting this fee request, although it is prepared to do so.  ECF No. 11-1 at 6 n.1.

Because the Court cannot award fees and costs based on an unsupported proffer, the Court will allow Fidelity to supplement its request, with evidence, on or before November 19, 2021.  Should Fidelity fail to file any supplemental evidence, then the denial shall stand.  *See, e.g.*, *Thrivest Specialty Funding, LLC v. Beasley*, No. PX 17-3120, 2018 WL 2335776 (D. Md. May 23, 2018) (denying attorneys' fees with leave to file a final supplemental pleading).

A separate Order follows.

9/14/2021  
Date

/s/  
Paula Xinis  
United States District Judge

4